UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

DEBRA VERHYEN
N1033 Blues Lane
Hortonville, Wisconsin 54944

       Plaintiff,

v.

GMLB INVESTMENTS, LLC
d/b/a EXIT ELITE REALTY
2711 North Mason Street, Suite A
Appleton, Wisconsin 54914

       Defendant

Case No.: 21-cv-736

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Debra Verhyen, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

**PARTIES AND COVERAGE**

4. Plaintiff, Debra Verhyen, is an adult female resident of the State of Wisconsin with a post office address of N1033 Blues Lane, Hortonville, Wisconsin 54944.

5. Defendant, GMLB Investments, LLC d/b/a Exit Elite Realty., was, at all material times herein, a commercial entity with a principal or corporate office address of 2711 North Mason Street, Suite A, Appleton, Wisconsin 54914.

6. Defendant is a residential and commercial real estate brokerage.

7. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

13. On or about February 1, 2021, Defendant hired Plaintiff into the position of Client Care Services Lead.

14. During Plaintiff's employment with Defendant, Plaintiff reported directly to Lori Muller, Owner.

15. On or about May 14, 2021, Plaintiff's employment with Defendant ended.

16. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on both an hourly basis and on a salary basis.

17. Regardless of whether Defendant compensated Plaintiff on an hourly basis or on a salary basis, during the entirety of Plaintiff's employment with Defendant, Defendant classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL.

18. During Plaintiff's employment with Defendant and when Defendant compensated Plaintiff on an hourly basis, it compensated her at the hourly rate of $12.00.

19. During Plaintiff's employment with Defendant and when Defendant compensated Plaintiff on a salary basis, Defendant compensated Plaintiff on a salaried basis of $540.00 per workweek.

20. During Plaintiff's employment with Defendant and when Defendant compensated Plaintiff on a salary basis, Defendant did not compensate Plaintiff on a salaried basis of at least $684.00 per workweek.

21. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with a variety of agreed-upon fringe benefits, including but not limited to one (1) week

of vacation and bonuses based on hours worked, work performed, agents recruited, and/or leads generated.

22. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

23. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

24. During Plaintiff's employment with Defendant, Plaintiff consistently worked in excess of forty (40) hours per workweek.

25. During Plaintiff's employment with Defendant, Defendant was aware and/or had knowledge that Plaintiff consistently worked in excess of forty (40) hours per workweek.

26. During Plaintiff's employment with Defendant, Plaintiff worked approximately forty-five (45) hours per workweek for Defendant's benefit, at Defendant's direction, with Defendant's knowledge, and/or on Defendant's behalf.

27. During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

28. During Plaintiff's employment with Defendant and when Defendant compensated Plaintiff on an hourly basis, Defendant failed to compensate Plaintiff with overtime pay during workweeks when she worked in excess of forty (40) hours.

29. During Plaintiff's employment with Defendant, Plaintiff was not highly compensated employee for FLSA and WWPCL purposes.

30. During Plaintiff's employment with Defendant, Plaintiff did not customarily or regularly spend the majority of her hours worked each workweek making sales directly to Defendant's customers or clients.

31. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for any and/or all hours worked and/or work performed on May 14, 2021.

32. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with one (1) week of vacation

33. During Plaintiff's employment with Defendant, Defendant failed to (correctly) compensate Plaintiff with agreed-upon bonuses based on hours worked, work performed, agents recruited, and/or leads generated.

34. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

35. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

36. During Plaintiff's employment with Defendant, Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

37. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

38. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

39. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

40. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

41. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

42. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and, thus, Plaintiff was a non-exempt employee who was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

43. During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff on a salary basis of at least $684.00 per workweek and, thus, Plaintiff was a non-exempt employee who was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

44. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

45. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith nor and reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section

216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

46. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

47. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

48. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
### (FAILURE TO PAY AN AGREED-UPON WAGE)

49. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

50. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

51. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

52. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

53. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

54. During Plaintiff's employment with Defendant, Defendant willfully and intentionally failed to compensate Plaintiff for all hours worked and work performed, including but not limited to with agreed-upon wages as defined in Wis. Stat. § 109.01(3), by failing to compensate Plaintiff with agreed-upon wages during her employment with Defendant, including but not limited to vacation pay, bonuses, and regular wages for work performed on May 14, 2021.

55. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

56. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 16th day of June, 2021

                                          WALCHESKE & LUZI, LLC
                                          Counsel for Plaintiff

                                          s/ *Scott S. Luzi*
                                          James A. Walcheske, State Bar No. 1065635
                                          Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 North Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com